UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF<br>MOTES LEASE SERVICE, L.L.C,<br>AS OWNER AND OPERATOR OF<br>THE M/V A-WILL, PRAYING FOR<br>EXONERATION FROM AND/OR<br>LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 19-12018<br><br>SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Danny Talamo.[1] Motes Lease Service, L.L.C. and Jeffry Motes (collectively "Motes Lease") filed an opposition to the motion.[2] Danny Talamo filed a reply.[3] Motes Lease filed a sur-reply.[4] For the following reasons, Motes Lease is **GRANTED LEAVE TO FILE AN AMENDED CROSSCLAIM**.

## BACKGROUND

This case arises from an alleged vessel collision that occurred on February 16, 2019 between the M/V A-WILL, owned by Motes Lease, and Danny Talamo's Triton Boat.[5] At the time of the collision, Danny Talamo, Taylor Talamo, Eric Ledet, and Rusty Smith were aboard Danny Talamo's Triton Boat.[6] Danny Talamo is Taylor Talamo's father, and the uncle of Eric Ledet.[7] Rusty Smith is a friend of Ledet.[8] On August 5, 2019, Motes Lease filed the instant limitation action pursuant to 46 U.S.C. § 30501, *et seq*.[9] On November

---

[1] R. Doc. 22.
[2] R. Doc. 24.
[3] R. Doc. 28.
[4] R. Doc. 32.
[5] R. Doc. 1 at ¶ VI.
[6] R. Doc. 22 at 2.
[7] R. Doc. 24 at 2 n.1.
[8] *Id.*
[9] R. Doc. 1.

1

15, 2019, Danny Talamo, Eric Ledet, and Rusty Smith filed claims for damages resulting from the collision.[10] Taylor Talamo filed a claim for damages on December 10, 2019.[11]

On December 2, 2019, Motes Lease filed a crossclaim against Danny Talamo, tendering Danny Talamo, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, to Rusty Smith and Eric Ledet for damages the claimants sustained as a result of the collision.[12] Motes Lease filed an amended crossclaim against Danny Talamo on December 17, 2019, amending its crossclaim to tender Danny Talamo to Rusty Smith, Eric Ledet, and Taylor Talamo for damages they sustained from the collision.[13] Motes Lease alleges Danny Talamo is liable for the damages sustained by the other claimants for the following reasons:

- "On February 16, 2019, . . . Danny Talamo was the owner of the Triton Boat";[14]

- "[T]he VHF radio onboard the Triton Boat owned by Danny Talamo and operated/captained by Taylor Talamo, was malfunctioning and did not work";[15]

- "On February 16, 2019, the M/V A-WILL, captained by Jeffry Motes, was plying navigable waters in Baptiste Collette when the Triton Boat, being operated/captained by Taylor Talamo, collided with the M/V A-WILL";[16]

- "Danny Talamo, as owner and/or operator of the Triton Boat, is liable for any injuries and damages attributable to his fault and/or negligence, including but not limited to the unseaworthiness of the Triton Boat";[17]

- "Taylor Talamo's, Danny Talamo's, Rusty Smith's and Eric Ledet's incident and alleged injuries were not occasioned by the fault or neglect on the part of Motes, but rather were due to the fault and neglect of Danny Talamo and Taylor Talamo";[18] and

---

[10] R. Doc. 4.
[11] R. Doc. 12.
[12] R. Doc. 8.
[13] R. Doc. 15.
[14] *Id.* at ¶ VIII.
[15] *Id.* at ¶ IX.
[16] *Id.* at ¶ X.
[17] *Id.* at ¶ XI.
[18] *Id.* at ¶ XII.

- "The Pennsylvania Rule applies to the extent Danny Talamo and/or Taylor Talamo violated the Inland Rules of Navigation and/or any other laws and regulations and caused the above described incident of February 16, 2019."[19]

On February 7, 2020, Danny Talamo filed the instant motion to dismiss,[20] arguing Motes Lease's claims that "Danny Talamo's vessel was unseaworthy at the time of the collision" and that "[Danny Talamo] violated an Inland Rule of Navigation and is liable under the *Pennsylvania* Rule" should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.[21]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[25] "[T]hreadbare

---

[19] *Id.* at ¶ XIV.
[20] R. Doc. 22.
[21] R. Doc. 22-1 at 1.
[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[24] *Id.*
[25] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[26]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[27] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[28] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[29]

## LAW AND ANALYSIS

In the instant motion to dismiss, Danny Talamo argues Motes Lease fails to state a claim based on the unseaworthiness of Danny Talamo's vessel.[30,31] A vessel is deemed unseaworthy if a condition of the vessel presents an unreasonable risk of harm to the seaman.[32] The two elements of an unseaworthiness claim are: (1) the vessel or the vessel's equipment was not reasonably fit for its intended purpose, and (2) the "unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[33] This is a "proximate cause" standard.[34]

Danny Talamo also argues Motes Lease fails to state a claim under the Pennsylvania Rule.[35] "For the Pennsylvania Rule to apply, three elements must exist: (1) proof by a preponderance of evidence of violation of a statute or regulation that imposes

---

[26] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[27] *Twombly*, 550 U.S. at 555.
[28] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[29] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[30] R. Doc. 22-1 at 4-6.
[31] Motes Lease also brings a negligence claim in its amended crossclaim. R. Doc. 15.
[32] *Park v. Stockhill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007).
[33] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960).
[34] *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042–44 (5th Cir. 1982).
[35] R. Doc. 22-1 at 6-7.

4

a mandatory duty; (2) the statute or regulation must involve marine safety or navigation; and (3) the injury suffered must be of a nature that the statute or regulation was intended to prevent."[36]

In its opposition, Motes Lease alleges for the first time:

- "The M/V A-WILL and Danny Talamo's vessel were traveling in a direction towards each other . . . in foggy conditions when the vessels subsequently collided";[37]

- "[J]ust prior to the accident, Motes relayed the position of the M/V A-WILL at least four (4) times using the M/V A-WILL's VHF radio;"[38] and

- "[U]nbeknownst to Motes, no one on Danny Talamo's vessel heard Motes call out his position because the VHF radio on Danny Talamo's vessel was broken."[39]

The Court construes these additional factual allegations in Motes Lease's opposition to the motion to dismiss as a request for leave to file a second amended crossclaim.[40] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[41] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[42] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

---

[36] In re Marquette Transportation Company, LLC, 292 F.Supp.3d 719, 729 (E.D. La. 2018) (citing *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1116–17 (5th Cir.1985) and discussing *The Pennsylvania*, 85 U.S. 125, 135 (1874)).
[37] R. Doc. 24 at 1-2.
[38] *Id.* at 2.
[39] *Id.*
[40] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[41] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[42] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[43]

In this case, Motes Lease filed its crossclaim against Danny Talamo on December 2, 2019.[44] At that time, only Danny Talamo, Eric Ledet, and Rusty Smith had filed an answer to Motes Lease's complaint.[45] Taylor Talamo filed his answer on December 10, 2019.[46] Accordingly, on December 17, 2019, Motes Lease filed an amended crossclaim as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1), to add allegations that Danny Talamo is responsible for injuries suffered by Taylor Talamo *in addition* to those suffered by Smith and Ledet.[47] Motes Lease has not since sought the Court's leave to file an amended crossclaim pursuant to Fed. R. Civ. P. 15(a)(2). The parties currently are engaged in the early stages of discovery.[48] If Motes Lease fails to file a second amended crossclaim with sufficient factual allegations supporting his claims against Danny Talamo, adequate time will remain for Danny Talamo to bring a motion to dismiss or motion for summary judgment. Accordingly, Danny Talamo will not be unduly prejudiced by virtue of allowance of an amendment.

## CONCLUSION

**IT IS ORDERED** that Motes Lease is granted leave to file a second amended crossclaim setting forth facts supporting his claims against Danny Talamo by **Friday, April 3, 2020.** If Plaintiff timely files a second amended crossclaim with factual

---

[43] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).
[44] R. Doc. 8.
[45] R. Doc. 6.
[46] R. Doc. 12.
[47] R. Doc. 15.
[48] R. Doc. 17 at 8 (Scheduling Order). The deadline to complete discovery is November 17, 2020. *Id*.

6

allegations supporting his crossclaim against Danny Talamo, the pending motion to dismiss will be denied as moot without prejudice.[49]

**New Orleans, Louisiana, this 20th day of March, 2020.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc 22.