## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF<br>MOTES LEASE SERVICE, L.L.C,<br>AS OWNER AND OPERATOR OF<br>THE M/V A-WILL, PRAYING FOR<br>EXONERATION FROM AND/OR<br>LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 19-12018<br><br>SECTION "E" |

### ORDER AND REASONS

Before the Court is Petitioners-in-Limitation's Motion for Partial Summary Judgment on Claimants' unseaworthiness claims.[1] For the following reasons, the motion is **GRANTED**.

### BACKGROUND

This case arises from an alleged vessel collision that occurred on February 16, 2019 between the M/V A-WILL, owned by Motes Lease Service, L.L.C. ("Motes Lease"), and Danny Talamo's Triton boat.[2] At the time of the collision, Taylor Talamo was operating the Triton boat and Danny Talamo, Eric Ledet, and Rusty Smith were passengers.[3] Danny Talamo is Taylor Talamo's father, and the uncle of Eric Ledet.[4] Rusty Smith is a friend of Ledet.[5]

On August 5, 2019, Motes Lease filed the instant limitation action pursuant to 46 U.S.C. § 30501, *et seq*.[6] On November 15, 2019, Danny Talamo, Eric Ledet, and Rusty

---

[1] R. Doc. 53. Claimants oppose the motion. R. Doc. 58.
[2] R. Doc. 1 at ¶ VI.
[3] R. Doc. 22 at 2.
[4] R. Doc. 24 at 2 n.1.
[5] *Id*.
[6] R. Doc. 1.

1

Smith filed answers and claims for damages resulting from the collision.[7] Taylor Talamo filed an answer and claim for damages on December 10, 2019.[8]

## STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[13]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[14] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[7] R. Doc. 4.
[8] R. Doc. 12.
[9] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[10] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[15]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[16] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[17] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[18] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[19] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must

---

[15] *Celotex*, 477 U.S. at 322–24.
[16] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[17] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[18] *Celotex*, 477 U.S. at 332–33.
[19] *Id.*

3

either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[20] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[21]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[22]

## ANALYSIS AND LAW

Claimants bring claims-in-limitation for damages against Motes Lease based on negligence and the unseaworthiness of the Motes Lease vessel.[23]

Petitioners-in-limitation seek summary judgment they are not liable on an unseaworthiness claim because the Claimants are not Jones Act seamen.[24] Claimants acknowledge they are not Jones Act seamen and do not oppose summary judgment "on that legal issue."[25] Claimants do not wish to be prohibited from arguing (1) the

---

[20] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[21] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[22] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[23] R. Doc. 4 at 7, ¶ 7(h); R. Doc. 12 at 7, ¶ 7(h).
[24] R. Doc. 53-1 at 1.
[25] R. Doc. 58 at 1.
4

Petitioners-in-Limitation were negligent in that they failed to exercise reasonable care with respect to the condition of the vessel, and (2) Motes Lease is not entitled to exoneration from or limitation of liability because of this negligence.[26]

In *In re TK Boat Rentals*, injured passengers brought claims of unseaworthiness against a boat operator.[27] The defendant boat operator brought a motion for summary judgment arguing passengers are not owed a duty of seaworthiness under general maritime law.[28] The injured passengers agreed they were not owed a duty of seaworthiness, but argued "the seaworthiness of the vessel is relevant to whether defendants failed to exercise reasonable care."[29] The court dismissed the passengers' claims "to the extent they assert a violation of a duty of seaworthiness," but did not prevent them from arguing the boat operator "failed to exercise reasonable care with regard to the condition of the vessels." The facts in the instant matter are substantially similar.

Claimants concede they are not Jones Act Seaman and, further, that Motes Lease does not own them a non-delegable duty to provide a seaworthy vessel.[30] Accordingly, the Court finds Petitioners-in-Limitation are entitled to judgment as a matter of law on Claimants' unseaworthiness claims. This order shall not prevent Claimants from arguing that the Petitioners-in-Limitation were negligent in that they failed to exercise reasonable care with respect to the condition of the vessels or from arguing that Motes Lease is not entitled to exoneration from or limitation of liability based on that failure.

---

[26] *Id.*
[27] *In re TK Boat Rentals*, No. 17-cv-1545, 2018 WL 1409276 (E.D. La. Mar. 21, 2018).
[28] *Id.* at *9 (citing *Dove v. Belcher Oil Co.*, 686 F.2d 329, 332 (5th Cir. 1982)).
[29] *Id.* at *9-10.
[30] R. Doc. 58 at 5.

## CONCLUSION

**IT IS ORDERED** that Motes Lease Service, L.L.C., Jeffry Motes, and XL Specialty Insurance Company's Motion for Partial Summary Judgment is **GRANTED**.

**New Orleans, Louisiana, this 10th day of December, 2020.**

                                 _____
                                          **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**